## SCOTT v. KALIP et al.
### No. 6106.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

Rehearing Denied June 6, 1940.

Campbell & Campbell, of Minden, for appellant.

Robert H. Wimberly, of Arcadia, for appellee.

DREW, Judge.

Plaintiff instituted this possessory action against Ora Ashley Kalip and T. O. Kalip seeking possession of 150 acres of land in Bienville Parish, Louisiana, described as the E½ of NE¼ and NW¼ of NE¼ and North 30 acres of SW¼ of NE¼, Section 19, Township 17 North, Range 8 West. She alleged that she was the owner of the property above described and had been in possession thereof as owner for more than a year prior to the disturbance of which she complains.

Plaintiff further alleged that on or about September 15, 1937, defendants had without right or authority moved onto the premises and taken possession thereof against her wishes and without her consent. She prayed that possession be restored to her and that defendants be evicted from the property.

Defendants filed a plea of prescription of one year and an answer denying all the allegations of plaintiff's petition, except that they were in possession. They alleged that they were possessing as owners.

After trial of the case, the lower court sustained the plea of prescription and dismissed plaintiff's suit. From that judgment she is prosecuting this appeal.

For several years prior to and including the year 1937, John Ashley occupied the property in question. He was a tenant of plaintiff under a rent agreement existing between them. In the latter part of 1936 or the early part of 1937, his daughter and son-in-law, defendants herein, moved into the house with him and his wife and occupied it together with them thereafter. Defendants would move away for a few days and again return. They were also away for a few weeks at a time engaged in picking cotton but usually went back on weekends.

In February, 1938, the tenant, John Ashley, was evicted from the place by proper procedure for failure to pay rent or because the rent contract had terminated. Under the authority of the case of Miles v. Kilgore et al., La.App., 191 So. 556, defendants could have at that time been evicted from the place under the writ issued against John Ashley. However, this was not done and defendants continued to live in the house and exercise rights of possession over a part of the land.

Defendants alleged they possessed as owners, but made no attempt to prove their right to possession as owners or otherwise. It is clear to our minds that their rights originally were no greater than were John Ashley's rights. At best they were nothing more than sub-tenants and the rights of a sub-tenant are no greater than those of a tenant. We are of the opinion that they were occupants of the house only through the sufferance of John Ashley, the father of one of the defendants. He, as tenant, had the right to allow defendants to share the house with him and their doing so could not be held to be a disturbance of the possession of plaintiff, the landlord and lessor. It therefore follows that if their act of possession is a real disturbance in fact, it could not have occurred until after John Ashley was evicted in February, 1938. This suit was filed June 29, 1938, which was less than one year after the disturbance occurred and the plea of prescription of one year is therefore without merit.

The fact that defendants occupied the house and exercised possession over part of the land and resisted being moved off the place and claimed in answer that they possessed as owners is sufficient to constitute a real disturbance of plaintiff's possession.

We are of the opinion that all the requirements of Article 49 of the Code of Practice have been met and that plaintiff is entitled to the relief prayed for in her petition.

It therefore follows that the judgment of the lower court sustaining the plea of prescription of one year is reversed and the plea is now overruled; and it is further ordered, adjudged and decreed that plaintiff, Nellie B. Scott, have judgment against Ora Ashley Kalip and T. O. Kalip, restoring to her the possession of the above described property and that she be quieted and maintained in possession of it; all costs of both courts are to be paid by defendants.